UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| KELLI MCCLURE and ROBERT TUCKER, individually and on behalf of all others similarly situated,<br>                    Plaintiffs,<br><br>        v.<br><br>ROCKETREACH LLC,<br>                    Defendant. | CASE NO. 2:25-cv-00986-TL<br><br>ORDER ON MOTION FOR RECONSIDERATION |

This matter is before the Court on Defendant RocketReach LLC's "Rule 59(e) Motion for Reconsideration of Order Denying Its Motion to Compel Arbitration and Stay Proceedings" ("Motion for Reconsideration"). Dkt. No. 63. Defendant asks the Court to reconsider its oral ruling denying Defendant's Motion to Compel Arbitration and Stay Proceedings ("Motion to Compel Arbitration") (Dkt. No. 25). *See* Dkt No. 59 (Minute Entry for Proceedings). Having considered the Motion for Reconsideration and the relevant record, the Court DENIES the Motion for Reconsideration.

ORDER ON MOTION FOR RECONSIDERATION – 1

## I.    BACKGROUND

This is a putative class action brought by Plaintiffs on behalf of themselves and a proposed class of Colorado residents whose personal cell phone numbers Defendant RocketReach LLC allegedly listed in its paid directory at rocketreach.co without their consent. Dkt. No. 22 (Amended Class Action Complaint) ¶¶ 10–12, 41. Plaintiffs assert a claim under the Prevention of Telemarketing Fraud Act ("PTFA"), Colo. Rev. Stat. § 6-1-304(4)(a)(I). *Id.* at 14.

On February 21, 2026, the Court held oral argument on Defendant's Motion to Strike Class Allegations (Dkt. No. 28) and Motion to Dismiss (Dkt. No. 26), along with several motions in cases No. C25-810, *Clark v. WhitePages, Inc.*, and No. C25-5443, *Huiskamp v. ZoomInfo Technologies LLC.*, two putative class actions against different Defendants that also involve claims under the PTFA and raise overlapping statutory and constitutional issues. At that hearing, the Court denied Defendant's Motion to Compel Arbitration. *See* Dkt No. 59. A transcript of the hearing, including the Court's detailed oral ruling on the Motion to Compel Arbitration, was posted to the docket on April 27, 2026. Dkt. No. 62. On May 19, 2026, Defendant filed a Motion for Reconsideration, asking the Court to reconsider its denial of the Motion to Compel Arbitration and to allow Defendant to conduct arbitration-related discovery "to determine who created the RocketReach account used to draft the complaint, when, and with what authority from Plaintiffs." Dkt. No. 63 at 6.

## II.    LEGAL STANDARD

Defendant describes the Motion to Reconsider as being brought under Rule 59(e) of the Federal Rules of Civil Procedure but also governed by LCR 7(h). *See infra* Section III. Motions brought under LCR 7(h) and Rule 59(e) are subject to similar legal standards but different procedural rules.

**A.      Motions to Reconsider under Local Civil Rule 7(h)**

Under the Local Civil Rules of this District, a party may file a motion to reconsider any order within 14 days of its entry. "Motions for reconsideration are disfavored." LCR 7(h)(1). Such motions are ordinarily granted only upon "a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to [the Court's] attention earlier with reasonable diligence." *Id.* Absent such a showing, motions for reconsideration should be granted only in "highly unusual circumstances." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (quoting *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999)); *see also Inventist, Inc. v. Ninebot Inc.*, 664 F. Supp. 3d 1211, 1215 (W.D. Wash. 2023) (noting that reconsideration is an "extraordinary remedy" and that the moving party bears a "heavy burden" (first quoting *Kona Enters., Inc. v. Est. of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000), then quoting *Jackson v. Aliera Cos., Inc.*, No. C19-1281, 2020 WL 5984075, at *1 (W.D. Wash. Oct. 8, 2020))). "A motion for reconsideration 'may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation.'" *Marlyn Nutraceuticals*, 571 F.3d at 880 (quoting *Kona Enters.*, 229 F.3d at 890). "Whether or not to grant reconsideration is committed to the sound discretion of the court." *Navajo Nation v. Confederated Tribes & Bands of the Yakama Indian Nation*, 331 F.3d 1041, 1046 (9th Cir. 2003). Additionally, filing an untimely motion "may be grounds for denial." LCR 7(h)(2); *see also* Judge Tana Lin, Standing Order for All Civil Cases, Section III.A (last updated June 1, 2026) ("Untimely briefs or responsive pleadings may be summarily denied, stricken, or ignored.").

**B.      Motions Under Federal Rule of Civil Procedure 59(e)**

Federal Rule of Civil Procedure 59(e) allows a party to move to alter or amend a judgment. *See United States ex rel. Hoggett v. Univ. of Phoenix*, 863 F.3d 1105, 1107 (9th Cir.

2017). Such motions are sometimes referred to as motions for reconsideration. "[T]he requirement of a judgment [is] a prerequisite to moving for reconsideration under Rule 59(e)." *Balla v. Idaho State Bd. of Corr.*, 869 F.2d 461, 467 (9th Cir. 1989). Typically, then, a Rule 59(e) motion is not an appropriate avenue for a party to seek reconsideration of an order on a non-dispositive motion. However, for the purpose of the Federal Rules of Civil Procedure, "the word 'judgment' encompasses final judgments *and appealable interlocutory orders*." *Balla*, 869 F.2d at 466–67 (citing *Fin. Servs. Corp. v. Weindruch,* 764 F.2d 197, 198 (7th Cir. 1985) (per curiam)); *see also* Fed. R. Civ. P. 54(a) ("'Judgment' as used in these rules includes a decree and any order from which an appeal lies."). "[D]enial of a motion to compel arbitration is immediately appealable . . . ." *Hansen v. LMB Mortg. Servs., Inc.*, 1 F.4th 667, 671 (9th Cir. 2021); *see also* 9 U.S.C. § 16(a)(1)(B). Therefore, a motion seeking reconsideration of the denial of a motion to compel arbitration may be brought under Rule 59(e).

A motion under Rule 59(e) may only be granted where: "1) the motion is 'necessary to correct *manifest errors of law or fact upon which the judgment is based*;' 2) the moving party presents 'newly discovered or previously unavailable evidence,' 3) the motion is necessary to 'prevent manifest injustice,' or 4) there is an 'intervening change in controlling law.'" *Hiken v. Dep't of Def.*, 836 F.3d 1037, 1042 (9th Cir. 2016) (quoting *Turner v. Burlington N. Santa Fe R.R. Co.*, 338 F.3d 1058, 1063 (9th Cir. 2003)). "A Rule 59(e) motion is an 'extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources.'" *Kaufmann v. Kijakazi*, 32 F.4th 843, 850 (9th Cir. 2022) (citation modified) (quoting *Wood v. Ryan*, 759 F.3d 1117, 1121 (9th Cir. 2014)). "District courts have 'considerable discretion' in deciding Rule 59(e) motions." *Id.* (quoting *Turner*, 338 F.3d at 1063).

//

//

### III.    DISCUSSION

The so-called "Motion to Reconsider" is equivocal about the legal authority under which it is brought. In the caption of its motion and in a few other fleeting references, Defendant describes the motion as having been brought under Rule 59(e) of the Federal Rules of Civil Procedure. *See* Dkt. No. 63 at 1 (caption and first sentence), 2 ("[A] timely filed motion to reconsider under Fed. R. Civ. P. 59(e) tolls the time to file a notice of appeal . . . ."). However, Defendant does not cite the standard for a Rule 59(e) motion, citing instead LCR 7(h)(1) for the incomplete proposition that "[t]he standard which must be met by a party bringing a motion for reconsideration is manifest error in a prior ruling." *Id.* at 2. Defendant also noted this as a same-day motion, apparently pursuant to LCR 7(h)(2). But "[m]otions brought pursuant to Federal Rule of Civil Procedure 59 are 21-day motions." *Port of Seattle v. Wang*, No. C24-735, 2025 WL 3772011, at *1 n.1 (W.D. Wash. Sept. 18, 2025); *see also Block v. Wash. State Bar Ass'n*, No. C15-2018, 2016 WL 1597180, at *1 (W.D. Wash. Apr. 21, 2016) (construing motion as having been brought under Rules 59(e) and 60(b)(1) rather than LCR 7(h) in part because it was "not noted for consideration on the day it was filed, as required by the Local Rule").[1]

To the extent this is a motion to reconsider brought under LCR 7(h), it untimely. *See* LCR 7(h)(2) ("A motion for reconsideration . . . shall be filed within fourteen days after the order to which it relates is filed."). The Court denied the Motion to Compel Arbitration with oral findings on April 21, 2026. *See* Dkt. No. 62 at 6–10. Pursuant to LCR 7(h)(2), any motion to

---

[1] Had Defendant correctly noted the motion, it would have been ripe for consideration on June 10, 2026. Although a 21-day motion is typically briefed by both parties before its noting date, the Court finds it appropriate here to rule without further briefing as an exercise of the district courts' "inherent authority to manage their dockets and courtrooms with a view toward the efficient and expedient resolution of cases." *Dietz v. Bouldin*, 579 U.S. 40, 47 (2016) (collecting cases). Neither Party is prejudiced by this—Plaintiffs are not prejudiced because the motion is denied, and Defendant is not prejudiced because it wrote and filed its motion with the intention that it be considered without further briefing (as indicated by the same-day noting). The alternative—renoting the motion to allow for additional briefing—would unnecessarily and unfairly prolong the tolling of the appeal deadline under Federal Rule of Appellate Procedure 4(a)(4)(A)(iv), allowing Defendant to derive an unearned benefit from its own procedural error.

reconsider under that rule needed to have been filed no later than May 5, 2026. Although the Court would have considered a request to toll the deadline until 14 days after the transcript became available (a request Defendant did not make), that would have extended the deadline by only six days, to May 11, 2026. Yet Defendant did not file this motion until May 19, 2026, 14 days after the deadline, without justifying, explaining, or even acknowledging its untimeliness. *See generally* Dkt. No. 63.[2] Therefore, the Court denies the motion as untimely to the extent it is brought under LCR 7(h) and considers it on its merits only to the extent it is brought under Rule 59(e).

While Defendant's motion is timely under Rule 59(a), it fails to demonstrate that the "extraordinary remedy" of Rule 59(e) relief is justified. Defendant dedicates most of its motion to rearguing positions that the Court has already rejected, without addressing or even acknowledging the Court's reasoning. *See* Dkt. No. 63 at 3–6. For example, Defendant regurgitates its argument that "the evidence establishes . . . that someone involved in this litigation created a RocketReach account and accepted the Terms of Service, including the arbitration provision" (*id.* at 5), while ignoring that the Court specifically examined each piece of evidence Defendant pointed to in its prior motion and found that none of them supported this conclusion (*see* Dkt. No. 62 at 8–9). Based on the allegations in the complaint and the evidence presented, the Court concluded that "no one had to create a RocketReach account or agree to the terms of service to prepare the lawsuit" and that "there's simply no evidence in the complaint, or anywhere in the record, that Plaintiffs, or anyone involved in their case, ever agreed to RocketReach's terms of service." *Id.* at 7:8–11, 23–25. Considering that Defendant assigns no error to these findings, its repeated references to "the RocketReach account used to draft the

---

[2] This is despite Defendant's invocation of LCR 7(h), which clearly states the 14-day deadline. *See* Dkt. No. 63 at 2 (citing LCR 7(h)(1)); *see also* LCR 7(h)(2) ("A motion for reconsideration . . . shall be filed within fourteen days after the order to which it relates is filed.").

ORDER ON MOTION FOR RECONSIDERATION – 6

Complaint" make little sense. *E.g.*, Dkt. No. 63 at 5. In any case, "The repetition of arguments which the district court already considered and rejected is not a proper basis for reconsideration." *Equilon Enters. LLC v. Shahbazi*, No. C06-5818, 2007 WL 1033474, at *1 (N.D. Cal. Apr. 4, 2007) (citing *Fuller v. M.G. Jewelry*, 950 F.2d 1437, 1442 (9th Cir. 1991)); *see also Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008) (Rule 59(e) "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." (citation modified)); *Weeks v. Bayer*, 246 F.3d 1231, 1236 (9th Cir. 2001) (Rule 59's purpose is not to grant a "forbidden 'second bite at the apple.'" (quoting *Sequa Corp. v. GBJ Corp.,* 156 F.3d 136, 144 (2d Cir. 1998))); *Backlund v. Barnhart*, 778 F.2d 1386, 1388 (9th Cir. 1985) (Rule 59(e) motion "was properly denied" when "it presented no arguments that had not already been raised" and rejected). Rather, reconsideration under this Rule "is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).

Defendant has not presented newly discovered evidence or a change in law, makes no arguments about manifest injustice, and assigns only a single error to the Court's oral ruling—that the Court "did not address RocketReach's alternative request for arbitration-related discovery." Dkt. No. 63 at 3. But failing to specifically reject an alternate request for relief when denying an unmeritorious motion is not an error. Likewise, the case Defendant points to as controlling, *Knapke v. PeopleConnect, Inc.*, 38 F.4th 824, 830 (9th Cir. 2022), is clearly distinguishable for the same reasons the Court explained in distinguishing *Boshears v. PeopleConnect, Inc.*, No. 22-35262, 2023 WL 4946630, at *1 (9th Cir. Aug. 3, 2023), and *Sant*

*v. RocketReach LLC*, No. C24-1626.[3] *See* Dkt. No. 62 at 7. In each of these cases, "there was evidence that the plaintiffs' attorneys in those cases had agreed to the terms of service, while arguably acting as the plaintiffs' agent and, therefore, bound the plaintiffs to arbitration as well." *Id.* at 7:3–7. That evidence was at least arguably sufficient to create a material issue of fact justifying arbitration-related discovery. Here, the Court found that Defendant had provided no such evidence but only pure, "unsupported speculation." *Id.* at 10:1. Because Defendant had not carried its initial "burden of production to at least create a genuine issue of material fact as to the existence of an arbitration agreement," the Court found it was entitled to *no* relief, and denied the motion in its entirety. *Id.* at 10:2–8. This finding encompasses both the primary relief sought (an order compelling arbitration) and the alternative relief sought (an order allowing discovery), and no further analysis is necessary.

For these reasons, the Court finds that Defendant has failed to carry its burden of showing manifest error of law or fact or any other basis for reconsideration under Rule 59(e).

### IV.   CONCLUSION

Accordingly, the Motion for Reconsideration (Dkt No. 63) is DENIED.

Dated this 22nd day of June, 2026.

Tana Lin
United States District Judge

---

[3] An unpublished order denying a motion to compel arbitration in *Sant* was pending appeal before the Ninth Circuit at the time the Court ruled on the Motion to Compel Arbitration in this case. *See* Dkt. No. 44 (Reply in Support of Motion to Compel Arbitration) at 13; *see also* Order on Motion to Compel Arbitration, *Sant*, No. C24-1626 (W.D. Wash. Jul. 7, 2025), Dkt. No. 35. That appeal, and the underlying case, have since been voluntarily dismissed by the parties. *see* Mandate/Order of USCA, *Sant*, No. C24-1626 (W.D. Wash. Mar. 12, 2026), Dkt. No. 46; Notice of Voluntary Dismissal, *Sant*, No. C24-1626 (W.D. Wash. Mar. 13, 2026), Dkt. No. 47.

ORDER ON MOTION FOR RECONSIDERATION – 8