UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| KELLI MCCLURE and ROBERT TUCKER, individually and on behalf of all others similarly situated,<br>Plaintiffs,<br><br>v.<br><br>ROCKETREACH LLC,<br>Defendant. | CASE NO. 2:25-cv-00986-TL<br><br>ORDER ON CROSS-MOTIONS |

This matter is before the Court on Defendant's Motion to Stay all Proceedings Pending Resolution of Appeal (Dkt. No. 66) and Plaintiffs' combined Opposition and Cross-Motion for Certification of Appeal as Frivolous (Dkt. No. 73). Having considered the motions, Defendant's reply (Dkt. No. 74) and the relevant record, the Court GRANTS the Motion to Stay and DENIES the Motion for Certification of Appeal as Frivolous.

The Court assumes familiarity with the background and procedural history of this case.

Defendant asks the Court to stay all proceedings in this matter pursuant to *Coinbase, Inc. v. Bielski*, 599 U.S. 736, 738 (2023), which provides that a "district court *must* stay its

proceedings" during the pendency of the appeal of the court's order denying a motion to compel arbitration. (Emphasis added.) Defendant timely appealed to the Ninth Circuit Court of Appeals this Court's Order Denying Defendant's Motion for Reconsideration of the Court's earlier denial of a motion to compel arbitration. *See* Dkt. No. 65 (Notice of Appeal). Therefore, the stay Defendant seeks is mandatory and the Court lacks the authority to deny it.

Plaintiffs counter that *Coinbase* did not disturb a district court's ability to retain jurisdiction over a case where it certifies an appeal to the Court of Appeals as frivolous, and they urge the Court to do so here. Dkt. No. 73 at 5–6. Plaintiffs cite a case from the Northern District of West Virginia in which a court did just that, finding that an "appeal on the issue of arbitrability automatically divests the district court of jurisdiction over the underlying claims and requires a stay of the action, *unless the district court certifies the appeal as frivolous or forfeited*," and the *Coinbase* decision "did not alter this rule. In fact, it approved the procedure[.]" *Id.* at 6 (emphasis added) (alterations in original) (quoting *Columbia Gas Transmission, LLC v. RDFS, LLC*, No. 5:23-cv-364, 2024 WL 973114, at *2 (N.D. W. Va. Feb. 27, 2024)).

In its reply (which also serves as its response to Plaintiffs' cross-motion), Defendant points out that that the Ninth Circuit test for certification of an appeal as frivolous is the lofty standard set in *Chuman v. Wright*, 960 F.2d 104, 105 (9th Cir. 1992), and that, although one out-of-circuit court has adopted the position Plaintiffs advocate, "all of the district courts within the Ninth Circuit that have been presented with a *Chuman* motion under the precise circumstances here have denied frivolous appeal certification." Dkt. No. 74 at 3 (collecting cases).

Plaintiffs did not file a reply in support of their Cross-Motion addressing Defendant's arguments or explaining why this Court should break with the practice of other courts around the Circuit in the wake of *Coinbase*. In fact, apart from *Columbia Gas Transmission*, Plaintiffs cite

only one post-*Coinbase* case, *Shanahan v. IXL Learning, Inc.*, 767 F. Supp. 3d 954 (N.D. Cal. 2025), in which, as Defendant points out, the district court *declined* to exercise its discretion to certify the appeal at issue as frivolous. Therefore, while the Court agrees with Plaintiffs that Defendant's arguments are not meritorious for the reasons stated in the Court's oral ruling on the Motion to Compel Arbitration (*see* Dkt. No 62 at 6–10) and reiterated in its denial of the Motion for Reconsideration (*see generally* Dkt. No. 64), the Court does not find that they are so "wholly without merit" that there is no value to allowing the Court of Appeals to consider the matter and hand its guidance down to the Court. *See Shanahan*, 767 F. Supp. at 955. Nor does the Court find that Defendant is pursuing its appeal for wholly dilatory purposes. Therefore, the Court denies Plaintiffs' motion and finds that it is required under *Coinbase* to grant Defendant's Motion to Stay and await the decision of the Court of Appeals.

Finally, the Court declines Plaintiffs' invitation to "hold the motion to stay in abeyance while it requests that the Court of Appeals authorize this Court's retention of this case." Dkt. No. 73 at 6. Plaintiffs themselves are free to pursue all avenues available before the Court of Appeals for returning jurisdiction of this case to the District Court. However, the Court will not take such a step itself, and to hold the motion to stay in abeyance would effectively be to stay the case without staying it while the Court of Appeals makes its decision. The Court does not find good cause to keep this case in such a procedural limbo.

//

//

//

//

//

//

Accordingly, the Court ORDERS:

(1) Defendant's Motion to Stay (Dkt. No. 66) is GRANTED, and Plaintiffs' Cross-Motion for Certification of Appeal as Frivolous (Dkt. No. 73) is DENIED.

(2) This matter and all pending motions are hereby STAYED until further order of the Court.

(3) The Court DIRECTS the Clerk of Court to remove the pending Motion to Dismiss (Dkt. No. 26) from the Court's motion's report, to be reinstated once the stay is lifted, if appropriate.[1]

Dated this 17th day of November, 2026.

Tana Lin
United States District Judge

[1] The Court acknowledges the length of time the Motion to Dismiss has been pending due to its trial schedule last fall and to the drastic increase in immigration habeas petition filings this year. Between January and October 2026, the Western District of Washington received over 1,600 habeas corpus petitions filed by individuals in immigration detention, compared to 118 in the same period in 2025. A petition for writ of habeas corpus is uniquely urgent, as it is "entitled by statute to special, preferential consideration to [e]nsure expeditious hearing and determination." *Van Buskirk v. Wilkinson*, 216 F.2d 735, 737–38 (9th Cir. 1954). "The application for the writ usurps the attention and displaces the calendar of the judge or justice who entertains it and receives prompt action from [her]." *Yong v. I.N.S.*, 208 F.3d 1116, 1120 (9th Cir. 2000) (quoting *Ruby v. United States*, 341 F.2d 585, 587 (9th Cir. 1965)). Also, some 740 more non-prisoner civil cases were filed between January and September 2026 than during the same period in 2025.